UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
SHARON LASHLEY,

                Plaintiff,

-against-

MICHAEL SPOSATO, Sheriff of Nassau County
Correctional Center, SERGEANT MORRONE, #125,
CORPORAL O'HEA, #365, CORRECTION OFFICER
GROSS, in their individual capacities,

                Defendants.
----------------------------------------------------------X

**MEMORANDUM & ORDER**
13-CV-06343(SJF)(WDW)

FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E D N Y

★ JAN 30 2014 ★

LONG ISLAND OFFICE

FEUERSTEIN, District Judge:

I.     Introduction

On November 13, 2013, *pro se* plaintiff Sharon Lashley ("plaintiff") filed a civil rights complaint in this Court pursuant to 42 U.S.C. § 1983 ("Section 1983") against defendants, Sheriff Michael Sposato ("Sheriff Sposato"), Sergeant Morrone, #125, ("Sgt. Morrone"), Corporal O'hea, #365, ("Cpl. O'hea"), and Correction Officer Gross ("C.O. Gross") (collectively, "defendants"), accompanied by an application to proceed *in forma pauperis*.

Since plaintiff's financial status, as set forth in her declaration in support of her application to proceed *in forma pauperis*, qualifies her to file the complaint without prepayment of the filing fees, see 28 U.S.C. § 1915(a)(1), the application to proceed *in forma pauperis* is granted. However, for the reasons set forth below, the Section 1983 claims against Sheriff Sposato and claims seeking to have the remaining defendants suspended without pay for thirty (30) days and to have plaintiff transferred to Rikers Island are *sua sponte* dismissed.

II.     The Complaint[1]

Plaintiff alleges that, on or about August 30, 2013, she was ordered by an unidentified corrections officer at the NCCC to remove the khimar she wears as an observant Muslim. (Plaintiff's handwritten statement annexed to the Complaint ["Plf. Stat."] at 1). According to plaintiff, since her arrival at the NCCC on July 23, 2013, she has been "harassed" by various corrections officers to remove the khimar. (Id. at 1, 4). Specifically, on September 19, 2013, C.O. Gross ordered plaintiff to take the "towel" off of her head. (Id. at 1). Plaintiff refused, explaining to C.O. Gross that it is a khimar and that she would not take it off because she is Muslim. (Id.) According to plaintiff, C.O. Gross then pointed mace at her and ordered her to "lock in." (Id. at 2). Plaintiff claims that while walking to her cell, she asked to speak with the supervisor on duty, Cpl. O'hea, but he never went to speak with her. (Id.) According to plaintiff, as a result of being "locked in," she missed recreation and could not get her legal papers notarized. (Id.)

Plaintiff further alleges that on September 19, 2013, at approximately 9:30 p.m., the unidentified corrections officer on duty violated her due process rights by providing her with an erroneous disciplinary report "that was not legible, in which [she] could not prepare her defense due to her not being able to make out what it said." (Plf. Stat. at 2).

According to plaintiff, she was not released from "lock in" until September 24, 2013 at 8:30 a.m., when a grievance representative told her that Sergeant Miller, the grievance

---

[1] All material allegations in the complaint are assumed to be true for the purposes of this order, and do not constitute findings of fact by the Court. See, e.g., Rogers v. City of Troy, New York, 148 F.3d 52, 58 (2d Cir. 1998) (in reviewing a *pro se* complaint for *sua sponte* dismissal, a court is required to accept the material allegations in the complaint as true).

2

supervisor, had ordered her to be released from "lock in." (Plf. Stat. at 3). However, at approximately 2:00 p.m. that same date, the officer on duty on plaintiff's housing unit, Correctional Officer Dubois, told plaintiff that Cpl. O'hea had ordered her to be "locked in" again. (Id.) According to plaintiff, on September 27, 2013, the grievance representative told her that her "lock in" had been reinstated because the disciplinary report had been found and plaintiff's grievance had been determined to be non-grievable. (Id.) Plaintiff allegedly told the grievance representative that Cpl. O'hea was harassing her because she is Muslim. (Id.)

On September 30, 2013, plaintiff appeared before Sgt. Morrone for a disciplinary hearing, during which she claimed that "her due process and constitutional rights were violated due to the fact that the disciplinary report is not legible, she was locked twice for the same incident, and that * * * she's been harrassed [sic] about khimar since she's been [in the NCCC]." (Plf. Stat. at 4). According to plaintiff, Sgt. Morrone "stated he was releasing [her] from lock [in]." (Id.)

Plaintiff alleges that on October 1, 2013, she received an illegible disciplinary decision, (Plf. Stat. at 4), finding her guilty of two (2) of the three (3) disciplinary charges brought against her and imposing an eleven (11) day "lock-in" and a five dollar ($5.00) disciplinary surcharge. (Notice of Disciplinary Hearing Disposition attached to the Complaint). According to plaintiff, "that charge was not substantied [sic] in the body of the report [and] it was not specified what [she] stated." (Plf. Stat. at 4). Plaintiff claims that the charge and direct order were "improperly and misused [sic] by trying to right the wrong C.O. Gross made by demanding [her] to take her khimar off violating [her] constitutional right." (Plf. Stat. at 4-5). Plaintiff further claims that Sgt. Morrone "maliciously went along with C.O. Gross racism in violating [her] constitutional and due process rights by finding [her] guilty when the disciplinary report should have been

3

dismissed * * *." (Plf. Stat. at 5). In addition, plaintiff claims: (1) that her appeal of Sgt. Morrone's decision was ignored; and (2) that she either did not receive her religious meals or, when she did, the rice, burgers and vegetables were cold. (Plf. Stat. at 5).

Plaintiff seeks: (1) to recover damages in the amount of five hundred thousand dollars ($500,000.00); (2) to have all defendants suspended without pay for thirty (30) days; and (3) to be transferred to Rikers Island. (Compl. at ¶ V).

III. Discussion

A. Standard of Review

Under both the Prison Litigation Reform Act, 28 U.S.C. § 1915A[2], and the *in forma pauperis* statute, 29 U.S.C. § 1915(e)(2), a district court must dismiss a complaint if it is frivolous or malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b) and 1915(e)(2)(B). See Abbas v. Dixon, 480 F.3d 636, 639 (2d Cir. 2007) (finding both Section 1915 and Section 1915A to be applicable to a prisoner proceeding *in forma pauperis*).

It is axiomatic that district courts are required to read *pro se* complaints liberally, Erickson v. Pardus, 551 U.S. 89, 94, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976)); Hogan v. Fischer, 738 F.3d 509, 515 (2d Cir. 2013), and to construe them "to raise the strongest arguments that they

---

[2] At the time she filed the complaint, plaintiff was incarcerated at the Nassau County Correctional Center ("NCCC") and, thus, was a "prisoner" within the meaning of 28 U.S.C. § 1915A(c). By letter filed on December 23, 2013, plaintiff advised the Court that she has since been released from custody.

4

suggest." Gerstenbluth v. Credit Suisse Securities (USA) LLC, 728 F.3d 139, 142-43 (2d Cir. 2013) (quotations and citations omitted). Moreover, at the pleadings stage of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations in the complaint." Harrington v. County of Suffolk, 607 F.3d 31, 33 (2d Cir. 2010); see also Ashcroft v. Iqbal 556 U.S. 662, 678-79, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009).

Nevertheless, a complaint must plead sufficient facts "to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007). The pleading of specific facts is not required; rather a complaint need only give the defendant "fair notice of what the * * * claim is and the grounds upon which it rests." Erickson, 551 U.S. 89, 127 S. Ct. 2197 (quotations and citation omitted); see also Anderson News, LLC v. American Media, Inc., 680 F.3d 162, 182 (2d Cir. 2012), cert. denied by Curtis Circulation Co. v. Anderson News, LLC, --- U.S. ----, 133 S. Ct. 846, 184 L. Ed. 2d 655 (2013) (accord). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Ashcroft, 556 U.S. at 678, 129 S. Ct. 1937 (quoting Twombly, 550 U.S. at 555, 127 S. Ct. 1955). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 557, 127 S. Ct. 1955); see also Pension Benefit Guaranty Corp. ex rel. St. Vincent Catholic Medical Centers Retirement Plan v. Morgan Stanley Investment Management Inc., 712 F.3d 705, 717 (2d Cir. 2013)(accord). The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." Ashcroft, 556 U.S. at 678, 129 S. Ct. 1937; see also In re Amaranth Natural Gas Commodities Litigation, 730 F.3d 170, 180 (2d Cir. 2013).

B.  Section 1983

Section 1983 of Tile 42 of the United States Code provides, in relevant part:

> "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . ."

42 U.S.C. § 1983. "Section 1983 provides a cause of action against any person who deprives an individual of federally guaranteed rights 'under color' of state law." Filarsky v. Delia, — U.S. —, 132 S. Ct. 1657, 1661, 182 L. Ed. 2d 662 (2012). Thus, to state a Section 1983 claim, a plaintiff must allege: (1) that the challenged conduct was "committed by a person acting under color of state law," and (2) that such conduct "deprived [the plaintiff] of rights, privileges, or immunities secured by the Constitution or laws of the United States." Cornejo v. Bell, 592 F.3d 121, 127 (2d Cir. 2010) (quoting Pitchell v. Callan, 13 F.3d 545, 547 (2d Cir. 1994)); see also Rehberg v. Paulk, — U.S. —, 132 S. Ct. 1497, 1501-02, 182 L. Ed. 2d 593 (2012).

1.  Claims against Sheriff Sposato

A Section 1983 claim must allege the personal involvement of any individual defendant in the purported constitutional deprivation. See Spavone v. New York State Department of Correctional Services, 719 F.3d 127, 135 (2d Cir. 2013); Grullon v. City of New Haven, 720 F.3d 133, 138-39 (2d Cir. 2013). "Personal involvement" may be established by evidence of direct participation in the challenged conduct, or by evidence of a supervisory official's "(1) failure to take corrective action after learning of a subordinate's unlawful conduct, (2) creation of a policy or custom fostering the unlawful conduct, (3) gross negligence in supervising subordinates who commit unlawful acts, or (4) deliberate indifference to the rights of others by

6

failing to act on information regarding the unlawful conduct of subordinates." Hayut v. State Univ. of New York, 352 F.3d 733, 753 (2d Cir. 2003); see also Grullon, 720 F.3d at 139. "The fact that [a defendant] was in a high position of authority is an insufficient basis for the imposition of personal liability." Al-Jundi v. Estate of Rockefeller, 885 F.2d 1060, 1065 (2d Cir. 1989) (quotations and citation omitted); see also Back v. Hastings on Hudson Union Free School District, 365 F.3d 107, 127 (2d Cir. 2004). A complaint based upon a violation under Section 1983 that does not allege facts establishing the personal involvement of an individual defendant fails as a matter of law. See Costello v. City of Burlington, 632 F.3d 41, 48-9 (2d Cir. 2011).

Plaintiff has not alleged the direct participation of Sheriff Sposato in any of the wrongdoing alleged in his complaint, nor any basis upon which to find Sheriff Sposato liable in a supervisory capacity. Accordingly, plaintiff's Section 1983 claims against Sheriff Sposato are dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) for failure to state a claim for relief. Since a party shall be given leave to amend "when justice so requires," Fed. R. Civ. Pro. 15(a)(2), and "[a] *pro se* complaint should not be dismissed without the Court granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated," Chavis v. Chappius, 618 F.3d 162, 170 (2d Cir. 2010) (quotations, brackets and citation omitted); see also Grullon, 720 F.3d at 139-40 (accord), plaintiff is granted leave to replead her Section 1983 claims against Sheriff Sposato, **provided she file an amended complaint on or before March 3, 2014, or her Section 1983 claims against Sheriff Sposato will be deemed dismissed with prejudice.**

C. Claim for Injunctive Relief

Plaintiff's claim seeking to have this Court order Sheriff Sposato "to transfer [her] to Rikers Island for fear that all [NCCC] correction officers will retaliate against [her] for this complaint * * *," (Compl., ¶ V), is moot. "In order for a federal court to exercise its judicial power, an actual case or controversy must exist at each stage of review and not only at the time the complaint is filed." Mawhinney v. Henderson, 542 F.2d 1, 2 (2d Cir. 1976); see also Already, LLC v. Nike, Inc., — U.S.—, 133 S. Ct. 721, 726, 184 L. Ed. 2d 553 (2013). "[A]n inmate's transfer from a prison facility generally moots claims for declaratory and injunctive relief against officials of that facility." Salahuddin v. Goord, 467 F.3d 263, 272 (2d Cir. 2006); see also Shepherd v. Goord, 662 F.3d 603, 610 (2d Cir. 2011) (accord); Mawhinney, 542 F.2d at 2 ("In view of the fact that appellant is no longer incarcerated at Auburn [Correctional Facility], his request for an injunction restraining the officials at Auburn from violating his civil rights is moot." (footnote omitted)). Since plaintiff was released from the NCCC in or around December 2013, her claim seeking to be transferred to Rikers Island is dismissed as moot.

D. Claim for Suspension of Remaining Defendants

Plaintiff's claim seeking to have all of the remaining defendants suspended without pay for a period of thirty (30) days involves a matter of internal prison administration with which this Court will not interfere. The Supreme Court has held that:

> "[p]rison administration is * * * a task that has been committed to the responsibility of [the legislative and executive] branches [of government], and separation of powers concerns counsel a policy of judicial restraint. Where a state penal system is involved, federal courts have * * * additional reason to accord deference to the appropriate prison authorities."

8

Turner v. Safley, 482 U.S. 78, 85, 107 S. Ct. 2254, 96 L. Ed. 2d 59 (1981); see also Johnson v. Avery, 393 U.S. 483, 486, 89 S. Ct. 747, 21 L. Ed. 2d (1969) ("[D]iscipline and administration of state detention facilities are state functions * * * subject to federal authority only where paramount federal constitutional or statutory rights supervene.") Accordingly, plaintiff's claim seeking to have all of the remaining defendants suspended for a period of thirty (30) days is dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) for failure to state a claim for relief. Since leave to amend is not required, *inter alia*, where a proposed amendment would be futile, see Grullon, 720 F.3d at 140; Anderson News, 680 F.3d at 185, i.e., when the "amended complaint would not contain enough allegations of fact to state a claim for relief that is plausible on its face," MetLife Investors USA Ins. Co. v. Zeidman, 734 F. Supp. 2d 304, 311 (E.D.N.Y. 2010), aff'd, 442 Fed. Appx. 589 (2d Cir. Sept. 19, 2011) (quotations and citation omitted); see also Perfect Pearl Co., Inc. v. Majestic Pearl & Stone, Inc., 889 F. Supp. 2d 453, 459 (S.D.N.Y. 2012), plaintiff's claim seeking to have all of the remaining defendants suspended for a period of thirty (30) days is dismissed with prejudice.

IV.     Conclusion

For the reasons set forth above, plaintiff's application to proceed *in forma pauperis* is granted; plaintiff's claim seeking to have all defendants suspended without pay for a period of thirty (30) days is *sua sponte* dismissed as moot; plaintiff's claim seeking to be transferred to Rikers Island is *sua sponte* dismissed with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) for failure to state a claim for relief; plaintiff's Section 1983 claims against Sheriff Sposato are *sua sponte* dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and

1915A(b)(1) for failure to state a claim for relief; and plaintiff is granted leave to amend her complaint in accordance with this Order, **provided she file such amended complaint <u>on or before March 3, 2014</u>**.[3]

The Clerk of the Court shall: (1) forward copies of the summonses, the complaint, this Memorandum and Order and the Notice of Hearing dated January 28, 2014 to the United States Marshal Service for service upon the remaining defendants forthwith; and, (2) pursuant to Rule 77(d)(1) of the Federal Rules of Civil Procedure, serve notice of entry of this order upon plaintiff in accordance with Rule 5(b) of the Federal Rules of Civil Procedure.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

**SO ORDERED.**　　　　　　　　　　　　s/ Sandra J. Feuerstein
　　　　　　　　　　　　　　　　　　　　————————————————
　　　　　　　　　　　　　　　　　　　　Sandra J. Feuerstein
　　　　　　　　　　　　　　　　　　　　United States District Judge

Dated:　　　January 30, 2014
　　　　　　Central Islip, New York

---

[3] For the sake of clarity, only plaintiff's claims seeking damages against Sgt. Morrone, Cpl. O'hea and C.O. Gross remain.

10