UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X

SHARON LASHLEY,

                         Plaintiff,

    -against-

MICHAEL SPOSATO, Sheriff of Nassau County Correctional Center; SERGEANT MORONE, #125 of Nassau County Correctional Center; CORPORAL O'SHEA, of Nassau County Correctional Center; OFFICER GROSS, of Nassau County Correctional Center; the COUNTY OF NASSAU; the NASSAU COUNTY CORRECTIONAL CENTER; and NASSAU COUNTY CORRECTION OFFICERS JOHN DOES NUMBERS 1-10,

                         Defendants.

------------------------------------------------------------------------X

**REPORT & RECOMMENDATION AND ORDER**
13-CV-6343 (JMA)(SIL)

**LOCKE, United States Magistrate Judge:**

Presently before the Court, on referral pursuant to United States District Judge Joan M. Azrack's Individual Rule IV(A)(2), is Plaintiff Sharon Lashley's fully briefed motion for leave to file an Amended Complaint. *See* DE [47]. At oral argument on January 28, 2016, the issues on the motion were narrowed considerably. For the reasons set forth below, the motion is granted in part and denied in part.[1]

**I.    The Facts**

The following facts are taken from the Proposed Amended Complaint filed by counsel, and are largely the same as those alleged in the original Complaint, which was filed *pro se*. *Compare*

---

[1] Although it is generally accepted that an order granting leave to amend a pleading is non-dispositive, "[t]he proper characterization of a denial of leave to amend a pleading is not settled in this Circuit." *HCC, Inc. v. R H & M Mach. Co.*, 39 F. Supp. 2d 317, 321 (S.D.N.Y. 1999); *see also Fielding v. Tollaksen*, 510 F.3d 175, 178 (2d Cir. 2007) (holding that a motion to amend is a non-dispositive motion). In *HCC, Inc.*, the court further observed that "denial of leave to amend is a dispositive decision at least in situations where the denial is premised on futility." 39 F. Supp. 2d at 321. Therefore, whereas the Court grants Plaintiff's motion with respect to those amendments the Court considers non-futile, the Court recommends denial of the motion with respect to the proposed amendments the Court deems futile.

DE [1] (original Complaint), *with* DE [47-6] (Proposed Amended Complaint ("AC")). According to the Amended Complaint, Plaintiff is a devout Muslim and wears a Khimar as part of her religious practice. AC ¶ 14.

On June 6, 2012, Plaintiff was arrested for grand larceny and eventually sentenced to 90 days in prison in the Nassau County Correctional Center ("NCCC"), which she served from September 16, 2013 to December 16, 2013. *Id*. ¶ 13. On September 19, 2013, while incarcerated and walking from her housing unit to the "day room," Lashley passed Defendant Corrections Officer Gross who said to her, "Take that fucking towel off your head." *Id*. ¶¶ 15-16. Plaintiff refused and Officer Gross placed her in "Lock-Down," which is a type of solitary confinement. *Id*. ¶¶ 16, 19. This placement was in "clear contravention" of a prior order from the NCCC Administration. *Id*. ¶ 16. Plaintiff further pleads upon information and belief that her placement in Lock-Down was approved by Defendant Sergeant Morone. *Id.* ¶ 17.

Later that same day, Officer Gross denied Plaintiff access to certain legal documents that needed to be notarized until she removed her Khimar, and then she received a disciplinary report that was so illegible, there was no way she could respond. *Id*. ¶¶ 20-21. On September 24, 2013, an unidentified "grievance representative" attempted to have Plaintiff released from Lock-Down, apparently to be turned away by Defendant Corporal O'Shea who advised that Plaintiff "was still in Lock-Down." *See id*. ¶ 23.

After spending a total of 11 days in Lock-Down, Plaintiff was ultimately released on September 30, 2013. *Id*. ¶ 24. On October 1, 2013, Lashley received a second illegible disciplinary report where she "was given 11 days of Lock-Down and a $5.00 surcharge." *Id.* ¶ 25. Although Plaintiff appealed the decision, she has not received a response. *Id*.

Based on these allegations, Plaintiff seeks leave to file an Amended Complaint alleging seven causes of action, including: (i) three arising under 42 U.S.C. § 1983 against the individual Defendants for violating her free exercise rights under the First and Fourteenth Amendments of the United States Constitution, and retaliating against her for attempting to exercise her First Amendment rights; (ii) one arising under 42 U.S.C. § 1983 against Nassau County for "maintaining *de facto* policies, practices and customs exhibiting deliberate indifference to the constitutional rights of [its] citizens"; and (iii) three arising under New York state law for negligent hiring, training and supervision, intentional infliction of emotional distress, and false arrest and imprisonment. *See id*. ¶¶ 30-78.

## II. Analysis

### A. <u>Legal Standard</u>

Motions to amend pleadings are governed by Fed. R. Civ. P. 15, which provides that "[t]he court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2); *see also Amaya v. Roadhouse Brick Oven Pizza, Inc.*, 285 F.R.D. 251, 253 (E.D.N.Y. 2012) ("A court should freely give leave [to amend] when justice so requires and such leave is in the court's discretion.") (internal quotation omitted). Courts interpret Fed. R. Civ. P. 15 liberally. *See Assam v. Deer Park Spring Water, Inc.*, 163 F.R.D. 400, 404 (E.D.N.Y. 1995) ("Federal Rule of Civil Procedure 15(a) dictates that motions to amend complaints be liberally granted absent a good reason to the contrary . . . ."). Leave to amend a complaint should only be denied "if there is delay, bad faith, futility, or prejudice to the non-moving party." *Hosking v. New World Mortg., Inc.*, 602 F. Supp. 2d 441, 445 (E.D.N.Y. 2009) (citing *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227 (1962)). The party opposing a motion to amend bears the burden of establishing that the amendment should be denied. *See Joinnides v. Floral Park–Bellerose Union Sch. Dist.*, No. 12-

CV-5682 (JS)(AKT), 2015 WL 1476422, at *9 (E.D.N.Y. Mar. 31, 2015) ("With respect to the Rule 15(a) factors, '[t]he party opposing the motion for leave to amend has the burden of establishing that an amendment would be prejudicial or futile.' ") (quoting *Cummings–Fowler v. Suffolk Cty. Cmty. Coll.*, 282 F.R.D. 292, 296 (E.D.N.Y. 2012)).

### B. Proposed Section 1983 Causes of Action

As set forth above, the Proposed Amended Complaint alleges three causes of action against the individual Defendants pursuant to 42 U.S.C. § 1983 for violating Plaintiff's First Amendment right to freely exercise her religion (First Claim), and retaliating against her for attempting to exercise her First Amendment rights (Second and Third Claims).

Section 1983 provides, in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . .

42 U.S.C. § 1983.

Section 1983 itself does not create substantive rights; rather, "it provides only a procedure for redress for the deprivation of rights established elsewhere." *Sykes v. James*, 13 F.3d 515, 519 (2d Cir. 1993). To prevail on a claim arising under Section 1983, a plaintiff must establish: "(1) the deprivation of any rights, privileges, or immunities secured by the Constitution and its laws; (2) by a person acting under the color of state law." *Hawkins v. Nassau Cty. Corr. Facility*, 781 F. Supp. 2d 107, 111 (E.D.N.Y. 2011).

Applying these standards, there is little question, and Defendants do not dispute, that Plaintiff has sufficiently alleged that the individual Defendants were acting under color of state law at the time of the events at issue, including requesting that Lashley remove her Khimar, placing her in Lock-Down, and denying her access to certain legal documents. *Accord Adames v. New*

4

*York City Dep't of Corr.*, No. 07 Civ. 4021 (GBD), 2008 WL 2743835, at *2 (S.D.N.Y. July 14, 2008) (articulating Section 1983 standard for claims against corrections officers and dismissing claims on other grounds). Accordingly, the failure to properly invoke Section 1983 is not a basis for denial of Plaintiff's motion.

1. Free Exercise Claim

Plaintiff's first cause of action alleges a violation of her right to freely exercise her religion. AC ¶¶ 30-35. At oral argument, Defendants stated that they did not oppose granting Plaintiff leave to file an Amended Complaint as to this cause of action. Accordingly, Plaintiff's motion is granted as to her First Claim for violation of her free exercise rights.

2. Retaliation Claims

Lashley's Second and Third Claims are for retaliation based her allegations that, when she refused to remove her Khimar, she was: (i) put in Lock-Down, and (ii) denied access to legal documents for the purpose of notarization. AC ¶¶ 39-40, 42-50. In order to state a claim for retaliation, a plaintiff must allege: (1) that she has a right protected by the First Amendment; (2) the defendant's actions were motivated or substantially caused by the plaintiff's exercise of that right; and (3) the defendant's action caused some injury. *Smith v. Campbell*, 782 F.3d 93, 100 (2d Cir. 2015). This standard applies not only to claims based on free speech but also to causes of action based on the free exercise clause protecting religious practices, and in particular, the wearing of religious garments. *See, e.g.*, *Louis v. Metro. Transit Auth.*, --- F. Supp. 3d ---, 2015 WL 6814739, at *6 (E.D.N.Y. Nov. 6, 2015) (denying summary judgment based on the plaintiff's claim that she was removed from a New York City bus because she was wearing a burqa).

Applying these standards, Plaintiff's motion is granted with respect to her retaliation claims. According to the Proposed Amended Complaint, when Lashley refused to remove her

5

Khimar, she was placed in Lock-Down and denied access to her legal documents for notarization purposes. AC ¶¶ 16, 20. In other words, Defendants' conduct in disciplining Plaintiff was motivated or substantially caused by her practicing her religion. The Court concludes that Plaintiff's proposed retaliation claims, as presently alleged, are sufficiently pled such that her motion is granted.[2]

    3. *Monell* Claim

Plaintiff's final federal cause of action is brought against Nassau County in the form of a *Monell* claim. AC ¶¶ 52-58. A municipality may not be held liable pursuant to Section 1983 on a *respondeat superior* theory of liability. *Monell v. N.Y. City Dep't of Soc. Servs.*, 436 U.S. 658, 691, 98 S. Ct. 2018, 2036 (1976); *see also Genovese v. Town of Southampton*, 921 F. Supp. 2d 8, 24 (E.D.N.Y. 2013) ("[A] municipal entity may only be held liable where the entity itself commits a wrong; a municipality cannot be held liable under § 1983 on a *respondeat superior* theory.") (internal quotation omitted). A municipality may only be found liable under Section 1983 "if the deprivation of the plaintiff's rights under federal law is caused by a governmental custom, policy, or usage of the municipality." *Jones v. Town of E. Haven*, 691 F.3d 72, 80 (2d Cir. 2012). A policy or custom for purposes of municipal liability pursuant to Section 1983 need not be explicit. *Sorlucco v. New York City Police Dep't*, 971 F.2d 864, 870 (2d Cir. 1992). Rather, a custom or policy may be inferred by constitutional violations that are so "persistent and widespread" that they "practically have force of law." *Davis v. City of New York*, 959 F. Supp. 2d 324, 338 (S.D.N.Y. 2013). "However, 'a single incident involving an employee below the policymaking level will not suffice to support an inference of a municipal custom or policy.' " *Brewster v.*

---

[2] It should be noted that Defendants did not brief the issue of futility with respect to Plaintiff's retaliation claims. This may have been due to the fact that the Proposed Amended Complaint was extremely difficult to follow, and it was not until oral argument that Plaintiff's counsel explained what specific rights the various claims allege were violated.

*Nassau Cty.*, 349 F. Supp. 2d 540, 549 (E.D.N.Y. 2004) (quoting *Vann v. City of New York*, 72 F.3d 1040, 1050 (2d Cir. 1995)). Further, "[m]ere assertions that a municipality has a custom or policy of violating constitutional rights are insufficient to state a Section 1983 claim 'in the absence of allegations of fact tending to support, at least circumstantially, such an inference." *Davis v. Cty. of Nassau*, 355 F. Supp. 2d 668, 678 (E.D.N.Y. 2005) (quoting *Dwares v. City of New York*, 985 F.2d 94, 100 (2d Cir. 1993)); *see also Herzlich v. Nassau B.O.C.E.S.*, No. 12-CV-220 (SJF)(AKT), 2013 WL 5406607, at *16 (E.D.N.Y. Sept. 23, 2013) (holding that "conclusory statements [of a municipal custom or policy] . . . are simply not sufficient").

Applying these standards, the Proposed Amended Complaint fails to state a claim for municipal liability under *Monell*. Plaintiff's conclusory allegations are nothing more than a parroting of the applicable standard, alleging the existence of "*de facto* policies, practices and customs exhibiting deliberate indifference to constitutional rights of the citizens, residents and occupants of the County of Nassau," without a single supporting factual allegation in this regard. *See* AC ¶¶ 52-58 (setting forth various boilerplate, conclusory allegations without factual support). At its core, Plaintiff's Proposed Amended Complaint contains a set of claims based on a single incident in which certain corrections officers retaliated against her when she refused an officer's request that she remove her Khimar. Without more, these allegations are insufficient to establish liability under *Monell*. Therefore, leave to file the Proposed Amended Complaint as against Nassau County should be denied.

    4. <u>Sherriff Sposato</u>

The Proposed Amended Complaint also maintains Sherriff Sposato as a Defendant. However, given Judge Feuerstein's prior dismissal with prejudice of the claims against Sherriff Sposato, *see* DEs [10], [15], at oral argument Plaintiff agreed to withdraw the motion for leave to

7

file the Proposed Amended Complaint as to him. Accordingly, the motion for leave to file the Proposed Amended Complaint should be denied insofar as asserts claims against Sheriff Sposato.

B. **State Law Claims**

The Proposed Amended Complaint also contains three causes of action under New York state law for negligent hiring, training, and supervision, *see* AC ¶¶ 59-62 (Fifth Claim); intentional infliction of emotional distress, *see id.* ¶¶ 63-70 (Sixth Claim); and false arrest and imprisonment, *see id.* ¶¶ 71-76 (Seventh Claim).[3] At oral argument, the parties agreed that these claims were untenable because Plaintiff failed to file the required Notice of Claim under the New York General Municipal Law. *See* N.Y. Gen. Mun. Law § 50-e; *Henneberger v. Cty. of Nassau*, 465 F. Supp. 2d 176, 198 (E.D.N.Y. 2006) ("Notice of Claim requirements are construed strictly by New York State Courts. Failure to comply with these requirements ordinarily requires dismissal for failure to state a cause of action."). Accordingly, Plaintiff's motion for leave to file the Proposed Amended Complaint to include her Fifth, Sixth and Seventh Claims under New York state law should be denied.

C. **Timeliness of Motion**

Defendants argue finally that Plaintiff's motion should be denied on timeliness grounds. *See* Def. Mem. at 12. While Defendants are correct that the motion is untimely, given that Plaintiff filed her original Complaint *pro se*, with her counsel coming into the case late, and given that discovery is otherwise complete, the Court believes that the better course is to extend the deadline

---

[3] There was some confusion in the motion papers about whether the proposed false arrest and false imprisonment claims were brought under 42 U.S.C. § 1983 or New York state law. *Compare* County Defendants' Memorandum of Law in Opposition to Plaintiff's Motion to File an Amended Complaint ("Def. Mem."), DE [48], at 8-10, *with* Plaintiff's Reply Memorandum of Law in Support of Motion for Leave to File an Amended Complaint, DE [49], at 1-2. Ultimately the parties agreed that these claims were brought pursuant to New York state law only.

to file motions to amend such that the instant motion is timely, and consider the motion on its merits.

## III. Conclusion

For the reasons set forth above, Plaintiff's motion for leave to file her Proposed Amended Complaint is granted in part and should be denied in part. The motion is granted insofar as the Proposed Amended Complaint may be filed including Plaintiff's First Claim, Second Claim and Third Claim. The Court further recommends that the motion be denied as to Plaintiff's Fourth Claim, Fifth Claim, Sixth Claim and Seventh Claim, and to the extent it asserts claims against Sherriff Michael Sposato.

## IV. Objections

A copy of this Report and Recommendation is being served on all parties by electronic filing on the date below. Any objections to this Report and Recommendation must be filed with the Clerk of the Court within fourteen (14) days of receipt of this report. Failure to file objections within the specified time waives the right to appeal the District Court's order. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a); *Ferrer v. Woliver*, No. 05-3696, 2008 WL 4951035, at *2 (2d Cir. Nov. 20, 2008); *Beverly v. Walker*, 118 F.3d 900, 902 (2d Cir. 1997); *Savoie v. Merchants Bank*, 84 F.3d 52, 60 (2d Cir. 1996).

Dated: Central Islip, New York
       February 2, 2016                                **SO ORDERED**

                                                      /s/ Steven I. Locke
                                                      STEVEN I. LOCKE
                                                      United States Magistrate Judge